The STATE of Ohio, Appellee,

v.

McLEMORE, Appellant.

[Cite as *State v. McLemore* (2000), 136 Ohio App.3d 550.]

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5–99–43.

Decided Feb. 2, 2000.

*Howard A. Elliott,* for appellant.

*Robert A. Fry,* Hancock County Prosecuting Attorney, and *Mark C. Miller,* Assistant Prosecuting Attorney, for appellee.

---

SHAW, Judge.

Tony L. McLemore appeals the sentencing judgment of the Common Pleas Court of Hancock County following his guilty plea to one count of engaging in a pattern of corrupt activities in violation of R.C. 2923.32(A)(1).

On April 21, 1998, the Hancock County Grand Jury indicted defendant McLemore on one count of engaging in a pattern of corrupt activity and three fourth-degree felony counts of trafficking in cocaine. Pursuant to a plea agreement, the state dismissed the trafficking charges and defendant pled guilty to a first-degree felony violation of engaging in a pattern of corrupt activity. On August 18, 1999, the trial court sentenced defendant to serve a term of six years in prison. Defendant now appeals that decision, asserting a single assignment of error with the trial court's judgment:

"The action of the Hancock County Common Pleas Court in imposing the term of incarceration at the Ohio department of Rehabilitation and Correction of six years against the defendant/appellant, Tony L. McLemore, for a violation of Ohio Revised Code, Section 2923.32(A)(1), that of engaging in a pattern of corrupt activity, was not done in compliance with the applicable factor in section 2929.12 of the Ohio Revised Code and as such, is contrary to law."

In this case, defendant pled guilty to a first-degree felony. Several different Ohio Revised Code sections directly impact and guide the decisions of courts making sentencing decisions for first-degree felonies. Specifically, R.C. 2929.14 provides:

"(A) * * *[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter * * * the court shall impose a definite prison term that shall be one of the following:

"(1) *For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years.*" (Emphasis added.) R.C. 2929.14.

Further guidance for the trial court's sentencing decisions comes from R.C. 2929.13(D), which establishes a presumption in favor of a prison term for first-degree felony offenses, and R.C. 2929.12, which enumerates several statutory factors trial courts must use when determining the seriousness of an offense and the offender's likelihood of committing future crimes. See, *e.g., State v. Martin*

(1999), 136 Ohio App.3d 355, 736 N.E.2d 907. In this appeal, the defendant has argued that the record clearly and convincingly demonstrates that the trial court's determinations regarding the presence of R.C. 2929.12 factors were erroneous, resulting in a sentence contrary to law. See R.C. 2953.08(G)(1)(d).

Defendant first argues that the trial court erred by misapplying the R.C. 2929.12(D) factors relating to likelihood of recidivism:

"The Court finds that under the recidivism likely factors that a failure to acknowledge a pattern of drug or alcohol abuse that's related to the offense [sic]. Now we do have the drug reports, the drug tests in the record but the presentence report reflects that *you were using cocaine during the period of time that the offense occurred. I think by your own admission you were using it once a month. That is a recidivism likely factor.*

"The Court finds that there are several recidivism unlikely factors, you were never adjudicated a delinquent. There is no prior criminal convictions [sic], the Court cannot find that you've been a law abiding citizen for a number of years in light of what transpired in this case. This went on for quite a period of time while it was being investigated by the local law enforcement community.

"The Court will find that the recidivism unlikely and the recidivism likely factors evenly balance each other out, the Court will make no finding in that particular area." (Emphasis added).

Defendant argues that the trial court misinterpreted the statutory "recidivism likely" factor dealing with drug and alcohol abuse:

"The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, *and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.*" (Emphasis added.) R.C. 2929.12(D)(4).

The defendant argues that this sentencing factor has two components: (1) that there is a pattern of abuse that is related to the offense, and (2) that pattern of abuse is unacknowledged or untreated at the time of sentencing. Defendant argues that the trial court considered only the first component and that the court's failure to consider the second component was "contrary to law." See R.C. 2953.08(G)(1)(d). Defendant also argues that the record clearly and convincingly establishes that the second factor is not present. Cf. R.C. 2953.08(G)(1)(a).

■ While defendant admits that the evidence establishes that he had a drug abuse problem related to his offense, he contends that the record establishes that he had both admitted and taken steps to address that problem at the time of sentencing. In support of this argument, defendant points to a series of voluntary urinalysis test results he presented as sentencing evidence, all of which

tested negative for drug residue. Moreover, defendant's presentence investigation details his drug history and reveals that the defendant tested negative for the use of marijuana and cocaine on February 16, 1999.

We agree with defendant's construction of the statutory factor and with his interpretation of the evidence.[1] It does not appear that there is any evidence on the record to support a conclusion that the defendant refused treatment or that he refuses to acknowledge his previous pattern of drug abuse. On the contrary, the record points to a conclusion that defendant has indeed taken steps to correct his behavior and address his drug problem. Based on the foregoing, we believe that the defendant has clearly and convincingly demonstrated that the trial court's R.C. 2929.12(D)(4) sentencing finding was contrary to law and that application of the correct factor might impact the trial court's sentencing decisions in his favor. R.C. 2953.08(G).

However, we decline to speculate what specific effect, if any, application of the correct factors would have on the trial court's sentencing decision. For this reason, we believe the most appropriate course of action is to remand this case to the trial court for a new sentencing hearing in accordance with this opinion.

Additionally, the defendant contends that the trial court erred in its consideration of the R.C. 2929.12 "seriousness" factors. Defendant argues that the facts establish that his conduct was "less serious than conduct normally constituting the offense," see R.C. 2929.12(C), and that the trial court improperly concluded that "there are none of the less serious factors present." In support of this position, defendant argues that the trial court overlooked R.C. 2929.12(C)(3):

"In committing the offense, the offender did not cause or expect to cause physical harm to any person or property."

■ Defendant argues that the evidence in the record "clearly and convincingly" establishes that he "did not cause or expect to cause" any physical harm in the commission of the offense. Defendant pled guilty to engaging in a pattern of corrupt activities in violation of R.C. 2923.32(A)(1), which enumerates multiple violent activities as possible predicate offenses. However, the record conclusively establishes that defendant's corrupt behavior was the nonviolent sale of cocaine on at least two separate occasions. Furthermore, there is no evidence in the record which supports a conclusion that the "corrupt enterprise" was engaged in

---

**1.** Nothing in this opinion should be taken to restrict the ability of trial courts to consider nonstatutory factors in making sentencing decisions. R.C. 2929.12 expressly states that courts shall consider "any other relevant factors" relating to the seriousness of the offense or the likelihood of recidivism. See R.C. 2929.12, subsections (A), (B), (C), (D) and (E). In this case, it is clear that the trial court misapplied an enumerated statutory factor rather than utilizing a different nonstatutory "relevant factor" in making in its determinations.

violent activity. Based on this evidence, defendant concludes that the R.C. 2929.12(C)(3) mitigating factor must apply and that the trial court's finding that "none of the less serious factors appl[ies]" is unsupported in the record.

However, we are not willing to accept defendant's argument that he "did not cause *or expect to cause* physical harm" to persons or property as a matter of law. R.C. 2929.12(C)(3). The transcript reveals that the trial court made no specific reference to this factor in making its sentencing decision. We have previously observed that "[i]t is self-evident that the trial court is in the best position to make the fact-intensive determinations required by the sentencing statutes." *State v. Martin*, 136 Ohio App.3d at 361, 736 N.E.2d at 911.

"Without specific findings by the trial court, this Court's review would be reduced to combing through the trial record in a speculative attempt to discover what factors the trial court may have relied upon in determining the length of a prison term or the conditions of a community control sanction. Post-hoc justification of a sentence by a reviewing court, particularly by a court that lacks the ability to hold sentencing hearings, is surely not the 'meaningful appellate review' that the legislature apparently intended." *Id.*

In this case, the lack of clarity both at the sentencing hearing and the record itself as to the R.C. 2929.12(C)(3) mitigating factor at least raises the possibility that the trial court did not adequately consider whether the factor was either relevant or present.[2] While we believe this possibility falls well short of the "clear and convincing" evidence necessary for reversal or modification of a sentence, see R.C. 2953.08(G), in light of the fact that we have reversed this case on other grounds, we believe it is appropriate for the trial court to address this issue upon remand.

For these reasons, the judgment of the Court of Common Pleas of Hancock County is reversed, and this case is remanded for further proceedings in accordance with the foregoing opinion.

*Judgment reversed
and cause remanded.*

HADLEY, P.J., and THOMAS F. BRYANT, J., concur.

---

**2.** The parties have not addressed the question of whether defendant's counsel was required to specifically object to the trial court's findings regarding the absence of the R.C. 2929.12(C)(3) mitigating factor to preserve this argument for appeal. Accordingly, we will not pass on that issue.