OPINION
{¶ 1} Laurie Cook ("Cook") appeals the sentence imposed by the Lake County Court of Common Pleas. For the reasons set forth below, we affirm the sentence imposed by the trial court in this matter.
 {¶ 2} On September 17, 2002, Cook went to the residence of her friend and neighbor, Pardee Combs ("Combs"), as Combs was giving some furniture to Cook. Combs was an elderly disabled man who required a cane to get around. Later that evening, Cook entered Combs' residence and, as Combs was sleeping on his couch, slashed his throat with an eight inch kitchen knife. Combs was transported to the hospital and survived the incident.
 {¶ 3} Cook walked back to her residence and removed her shirt and hid it under the bed. Cook proceeded to the kitchen where she wiped the knife clean and placed it by the sink. Cook then sat down on the couch to have a cigarette.
 {¶ 4} Cook was subsequently arrested and read her Miranda rights. Upon waiving her rights, Cook voluntarily gave a statement to the police. She admitted to cutting Combs' throat. Cook also acknowledged that she went to Combs' residence to kill him because Combs was spreading rumors about her being with men. This upset Cook because she is gay. Cook said that prior to going to Combs' residence, she put socks over her hands so she would not leave fingerprints at the scene or on the knife. Cook stated that after cutting Combs' throat, she walked from Combs' residence and "figured that he was going to die and that was the end of [her] problem."
 {¶ 5} Cook was indicted for felonious assault, a felony of the second degree, and burglary, a felony of the second degree. On November 8, 2002, Cook pleaded guilty to both charges.
 {¶ 6} A presentence report was issued documenting Cook's prior record, including numerous alcohol and drug related offenses, as well as a prior assault charge and a prior assault arrest. The report also revealed that, at the time of this offense, Cook was on probation stemming from a theft charge in the Painesville Municipal Court. The report also documented Cook's chemical dependency, including both drug and alcohol abuse, and "diagnosis of Bipolar Disorder, Post Traumatic Stress Disorder, Anxiety, and Borderline Personality Disorder." The report further indicated that Cook has been prescribed psychiatric medications and that she stopped taking them several weeks prior to the assault.
 {¶ 7} On December 13, 2002, the trial court conducted a sentencing hearing and sentenced Cook to eight years on the felonious assault charge and two years on the burglary charge, with the sentences to run consecutive with each other, for a total of ten years. This timely appeal followed, wherein Cook asserts the following assignments of error:
 {¶ 8} "[1.] The trial court erred to the prejudice of the defendant-appellant when it ordered a term of imprisonment by making findings under the applicable sentencing statute that were not supported by the record.
 {¶ 9} "[2.] The trial court erred by sentencing the defendant-appellant to the maximum term of imprisonment.
 {¶ 10} "[3.] The trial court erred to the prejudice of the defendant-appellant when it ordered consecutive sentences."
 {¶ 11} Since all three assignments of error challenge the imposition of sentencing, we will first set forth the applicable standard of review. Pursuant to R.C. 2953.08, this court reviews a felony sentence de novo. State v. Gibson, 11th Dist. No. 2002-T-0055, 2003-Ohio-5695, at ¶ 68. In doing so, we conduct a meaningful review of the sentence decision. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 10. "`Meaningful review' means that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law." Id., citing R.C. 2953.08.
 {¶ 12} In her first assignment of error, Cook argues that the trial court failed to consider Cook's mental health issues as a mitigating factor as required by R.C. 2929.12(C)(4). Cook further claims that Cook's previous convictions were non-violent and, thus, are not evidence of recidivism. Cook finally asserts that Cook showed genuine remorse by apologizing to the victim's family.
 {¶ 13} "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offence, the public, or both." R.C. 2929.11(A).
 {¶ 14} A court that imposes sentence on an offender for a felony must consider the factors that would indicate the offense is "more serious than conduct normally constituting the offense," the factors that would indicate the offense is "less serious than conduct normally constituting the offense," and the factors that would indicate the offender's likelihood or recidivism. See R.C.2929.12.
 {¶ 15} At the sentencing hearing, the trial court made the following findings:
 {¶ 16} "I find the following factors make the offense more serious: The injury was exacerbated by the physical condition of the victim; the victim suffered physical harm and psychological harm; the relationship with the victim facilitated the offense; and [Cook] admittedly intended to kill the victim. The factor that makes the offense less serious is the mental issues — the many mental health issues that [Cook] has.
 {¶ 17} "However, in terms of recidivism, those mental health issues make recidivism more likely, because [Cook] has an inability to maintain herself on her psychiatric, psychological medications * * *. The Court also finds that this was committed while on probation with the Painesville Municipal Court. The Court finds a history of criminal convictions * * *. The Court also finds [that Cook] has not responded favorably to previously imposed sanctions and the Court find's [sic] no genuine remorse. The Court finds no factors making recidivism less likely."
 {¶ 18} The record reveals that, in contrast to Cook's assertion, the trial court did, in fact, properly consider her mental health issues as a factor that would make the offense less serious. Finding the presence of a potentially mitigating mental health problem, however, does not preclude a finding that the seriousness of the offense outweighs the mitigating factor. SeeState v. Flaugher (Nov. 8, 1999), 12th Dist. No. CA99-04-034, 1999 Ohio App. LEXIS 5242, at *6-*7; State v. Lewis (July 9, 1999), 2nd Dist. No. 98 CA 70, 1999 Ohio App. LEXIS 3220, at *7-*8; State v. Goucher (Dec. 16, 1998), 3rd Dist. No. 4-98-12. 1998 Ohio App. LEXIS 6202, at *7-*8.
 {¶ 19} In this case, the trial court indicated that the mental health concerns were a potentially mitigating factor. The trial court, however, went on to find that Cook's mental health issues make recidivism more likely. Moreover, the trial court discussed the various factors that it found made this one of the worst forms of the offense, as discussed below. Thus, the trial court did not err in determining that the mitigating factor was outweighed by the seriousness and the circumstances of the offense. See Flaugher, 1999 Ohio App. LEXIS 5242, at *7.
 {¶ 20} In making a determination regarding recidivism, R.C.2929.12(D)(2) requires the court to consider the offender's "history of criminal convictions." This section does not limit the court's consideration only to violent criminal convictions. See State v. Perry, 11th Dist. No. 2000-L-166, 2002-Ohio-1468, 2002 Ohio App. LEXIS 1496, at *9-*10 (upholding the trial court's finding that the defendant posed the greatest likelihood of recidivism based on the defendant's prior convictions, none of which were violent in nature); accord State v. Raphael (Mar. 24, 2000), 11th Dist. No. 98-L-262, 2000 Ohio App. LEXIS 1200, at *8-*9. Thus, the court did not err in considering Cook's entire criminal history in determining her likelihood of recidivism.
 {¶ 21} In further support of its finding that Cook was likely to commit future crimes, the trial court found that, although Cook made a statement of apology, Cook showed no genuine remorse. While Cook's statement "is suggestive of some degree of remorse, the trial court was in a better position to determine whether [Cook's] remorse was genuine." State v. Eckliffe, 11th Dist. No. 2001-L-105, 2002-Ohio-7136, at ¶ 32 (citation omitted). Thus, we cannot find that the trial court erred in finding that Cook failed to demonstrate genuine remorse. Id.
 {¶ 22} The record clearly demonstrates that the trial court followed the mandates of R.C. 2929.12 in sentencing Cook. Thus, we clearly and convincingly find that the record supports the sentence and that the sentence is not otherwise contrary to law. Cook's first assignment of error is, therefore, without merit.
 {¶ 23} In Cook's second assignment of error, she argues that the trial court did not properly consider the statutorily mandated factors in imposing the maximum sentence. Cook further claims that the trial court's findings are not supported by the record.
 {¶ 24} A trial court "may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders." R.C. 2929.14(C). In so sentencing, the trial court is required to make a finding giving its reasons for selecting the maximum sentence. R.C. 2929.19(B)(2)(d). Since the trial court imposed the maximum sentence for the felonious assault conviction, a second degree felony, see R.C. 2929.14(A)(2), the trial court was required to find that Cook met one of the requirements of R.C. 2929.14(C) and to make a finding giving its reasons for imposing the maximum sentence. State v. Edmonson,86 Ohio St.3d 324, 328, 1999-Ohio-110.
 {¶ 25} The record demonstrates that the trial court made the requisite finding that Cook met at least one of the requirements of R.C. 2929.14(C). In fact, the trial court explicitly found that Cook committed one of the worst forms of the offense and
that she poses the greatest likelihood of committing future crimes.
 {¶ 26} The record also clearly indicates that the trial court properly set forth sufficient reasons for its conclusion that Cook posed the greatest likelihood of committing future crimes. In support of this conclusion, the trial court cited to Cook's prior record, the fact that she committed the offense while under a community control sanction and that she has failed to respond to previously imposed sanctions, as well as her lack of a support system. We, therefore, find that these findings properly support the trial court's conclusion that Cook posed the greatest likelihood of committing future crimes in order for the trial court to properly impose the maximum sentence. See Perry,
2002 Ohio App. LEXIS 1496, at *10-*11.
 {¶ 27} Since the trial court found that Cook committed one of the worst forms of the offense and that she poses the greatest likelihood of committing future crimes, we only need to find that the trial court sufficiently supported either one of these conclusions to affirm the imposition of the maximum sentence. Id. at *11; State v. Wilson (June 23, 2000), 11th Dist. No. 99-L-026, 2000 Ohio App. LEXIS 2766, at *11. Thus, even if we found that the trial court failed to properly support its finding that Cook posed the greatest likelihood of committing future crime, the record demonstrates that the trial court sufficiently supported its finding that this was one of the worst forms of felonious assault.
 {¶ 28} In determining that this was one of the worst forms of the offense, the trial court stated that "any more egregious conduct would constitute another crime, attempted murder, rather than * * * felonious assault. Attempted murder would be a Felony of the First degree, not a Felony of the Second degree." The trial court also stated, "You can't break into somebody's house, take a knife to their neck and try to slice their head off just because they're spreading rumors about you being with men." In further support of its conclusion, the trial court cited to the age and infirmity of Combs, the physical and psychological harm incurred by Combs, as well as the fact that Cook's relationship with Combs facilitated this offense. We find that these findings are sufficient to support the trial court's conclusion that the assault was one of the worst forms of the offense. See Raphael,
2000 Ohio App. LEXIS 1200, at *7-*8; Wilson, 2000 Ohio App. LEXIS 2766, at *8. We, therefore, clearly and convincingly find that the record supports the imposition of the maximum sentence.
 {¶ 29} Cook's second assignment of error is without merit.
 {¶ 30} Under her third assignment of error, Cook claims that the trial court failed to give its reasons for imposing consecutive sentences as mandated by R.C. 2929.19(B)(2)(c). Cook further asserts that the trial court misapplied the factors enumerated in R.C. 2929.14(E)(4).
 {¶ 31} "Consecutive sentences are reserved for the worst offenses and offenders." Comer, 99 Ohio St.3d 463, at ¶ 21 (citation omitted). A trial court may impose consecutive sentences "if the court finds that the consecutive service is necessary to protect the public from future crime * * * and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following: (a) The offender committed one or more of the multiple offenses while the offender was * * * under a sanction[, such as a community control sanction,] * * * [;] (b) At least two of the multiple offense were committed as part of one or more courses of conduct, and the harm caused * * * was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct[; or,] The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C.2929.14(E)(4). "[P]ursuant to R.C. 2929.14(E)(4) and2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Comer, 99 Ohio St.3d 463, at ¶ 20. Thus, the trial court must support its imposition of consecutive sentences with specific findings as to all three requirements of R.C.2929.14(E)(4). Id.
 {¶ 32} The trial court specifically found that "consecutive sentences are necessary in order to protect the public and punish the offender * * * [and] that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger she poses." In support of its findings, the trial court cited to the harm caused by Cook, her criminal history, the likelihood of recidivism, the nature of the assault (attempting to murder Combs by slicing his throat with a knife while he slept), and her lack of genuine remorse. We find that these facts sufficiently support the above findings. See State v. Gonzalez,154 Ohio App.3d 9, 2003-Ohio-4421, at ¶¶ 135-136; State v.Williams, 11th Dist. No. 2002-T-0043, 2003-Ohio-6093, at ¶¶ 32-36; State v. Watson (Nov. 21, 2001), 11th Dist. No. 2000-A-0082, 2001 Ohio App. LEXIS 5207, at *5.
 {¶ 33} The trial court also found the presence of all three factors listed in R.C. 2929.14(E)(4)(a) through (c), i.e. that Cook was under a sanction at the time of the offense, that the harm caused by the two offenses was so great that no single prison term would reflect the seriousness of the conduct, and that Cook's criminal history demonstrates that consecutive sentences are necessary to protect the public from future harm. Since we found above that the trial court properly supported its findings as to the first two requirements of R.C. 2929.14(E)(4), the trial court "only needed to find one of the factors listed [in R.C. 2929.14(E)(4)(a) through (c)] to support a finding of consecutive sentences." State v. Martinez, 6th Dist. No. WD-01-027, 2002-Ohio-735, 2002 Ohio App. LEXIS 752, at *18-*19; R.C. 2929.14(E)(4).
 {¶ 34} The record demonstrates that Cook was under a community control sanction at the time of the offense. Thus, the trial court properly found that R.C. 2929.14(E)(4)(a) was satisfied. We, therefore, find that the trial court found the existence of the necessary requirements of R.C. 2929.14(E)(4) in order to impose consecutive sentences. We further find that the trial court properly gave sufficient reasons in support of these findings. Thus, we clearly and convincingly find that the record supports the imposition of consecutive sentences.
 {¶ 35} Cook's third assignment of error is without merit.
 {¶ 36} For the foregoing reasons, we hold that Cook's assignments of error are without merit. The sentence imposed by the Lake County Court of Common Pleas is affirmed.
Judgment affirmed.
William M. O'Neill and Cynthia Westcott Rice, JJ., concur.