The STATE of Ohio, Appellee,

v.

McADAMS, Appellant.

[Cite as *State v. McAdams,* 162 Ohio App.3d 318, 2005-Ohio-3895.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2004–L–062.

Decided July 29, 2005.

Charles E. Coulson, Lake County Prosecuting Attorney, and Amy Cheatham, Assistant Prosecuting Attorney, for appellee.

R. Paul LaPlante, Lake County Public Defender, and Vanessa R. Clapp, Assistant Public Defender, for appellant.

DIANE V. GRENDELL, Judge.

{¶ 1} Defendant-appellant, Craig A. McAdams, appeals from the judgment of the Lake County Court of Common Pleas sentencing him to four years in prison for his conviction for driving under the influence of alcohol or drugs ("DUI"), a felony of the third degree, in violation of R.C. 4511.19(A). We affirm the judgment of the trial court.

{¶ 2} On January 3, 2003, a Buick was reported to be driven erratically on State Route 2 in Eastlake, Ohio. Police responded and subsequently arrested McAdams for DUI. On July 15, 2003, McAdams pleaded guilty to the charge.

{¶ 3} On March 3, 2004, a sentencing hearing was held. McAdams was sentenced to a four-year prison term, with credit for two days served, and ordered to pay an $800 fine. In addition, his driving record was assessed six points, and his driver's license was permanently revoked.

{¶ 4} McAdams timely appeals, raising a single assignment of error:

{¶ 5} "The trial court violated the defendant-appellant's right to due process under the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 10 of the Ohio Constitution when it sentenced him contrary to R.C. 2929.12."

{¶ 6} An appellate court reviews a felony sentence under a clear-and-convincing-evidence standard of review. R.C. 2953.08(G)(2). In doing so, we conduct a meaningful review of the imposition of sentence. *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, at ¶ 10. " 'Meaningful review' means that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law." Id., citing R.C. 2953.08. Clear and convincing evidence is that quantum of proof that will produce in the mind of the trier of fact a firm belief regarding the facts sought to be established. *State v. Bradford* (June 1, 2001), 11th Dist. No. 2000-L-103, 2001 WL 589271.

{¶ 7} Pursuant to Ohio's sentencing guidelines, there is no established presumption either in favor of or against the imposition of a term of imprisonment for a third-degree felony. *State v. Morales*, 11th Dist. No.2003-L-025, 2004-Ohio-7239, 2004 WL 3090188, ¶ 12; *State v. Little*, 12th Dist. No. CA2002-06-138, 2003-Ohio-1612, 2003 WL 1689605, ¶ 6. "Unless a mandatory prison term

is required, a trial court has discretion to determine the most effective method to comply with the purposes of sentencing set forth in R.C. 2929.11." *State v. Fails* (Nov. 9, 2001), 11th Dist. No. 2000–P–0119, 2001 WL 1402002. See, also, *State v. Nutter* (Aug. 24, 2001), 3rd Dist. No. 16–01–06, 2001 WL 961748; R.C. 2929.12(A).

{¶ 8} Under R.C. 2929.12, a court, in exercising this discretion, must consider all applicable factors that would indicate that the offense was "more serious than conduct normally constituting the offense," factors that would indicate that the offense was "less serious than the conduct normally constituting the offense," and factors that would indicate the offender's likelihood of recidivism. *Fails; State v. Cook*, 11th Dist. No. 2003–L–009, 2004-Ohio-793, 2004 WL 323151, ¶ 14; R.C. 2929.12. "A trial court may also consider any other factor relevant in achieving the above-stated purposes of sentencing." *Fails*. However, when considering the seriousness and recidivism factors of R.C. 2929.12, a trial court is not required to "make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett* (2000), 88 Ohio St.3d 208, 215, 724 N.E.2d 793; *State v. Matthews*, 11th Dist. No. 2003–L–043, 2004-Ohio-1849, 2004 WL 765579, ¶ 15.

{¶ 9} At the sentencing hearing, McAdams made the following statement to the court:

{¶ 10} "You are looking at the shell of a man who is very sick. Alcohol has definitely taken a toll on me physically, if not mentally, and I would like to just build my life again if I can. I would like to go somewhere and get help * * *. I have also been checking into, the last month and a half or so, * * * hospitals for programs * * *."

{¶ 11} Relying on *State v. McLemore* (2000), 136 Ohio App.3d 550, 737 N.E.2d 125, McAdams contends that the trial court's finding that there was a pattern of abuse that was unacknowledged and untreated was unsupported by the record. In *McLemore*, the Third District Court of Appeals held, under R.C. 2929.12(D)(4), that the factor indicating a greater likelihood of recidivism based on a pattern of drug and alcohol abuse has two components that must be satisfied: "(1) * * * there is a pattern of abuse that is related to the offense, and (2) that pattern of abuse is unacknowledged *or untreated at the time of sentencing*." Id. at 552, 737 N.E.2d 125. (Emphasis added.) McAdams concedes that there is a pattern of abuse related to the offense; however, he argues that the court improperly failed to take into account his statement to the court that he was seeking treatment. McAdams further argues that the trial court erred in finding that he exhibited no genuine remorse for his actions. McAdams's reliance on *McLemore* is misplaced.

{¶ 12} In *McLemore*, the appellate court overturned the trial court's judgment of sentence, noting that contrary to the trial court's findings, McLemore had not only admitted that his drug-abuse problem related to the offense, but he had also shown that he had taken steps to address his problem by submitting evidence of a series of voluntary urinalysis tests he had taken that showed that he had tested negative for the use of marijuana and cocaine. Id. at 552–553, 737 N.E.2d 125. Despite McAdams's bald assertion that he had been checking into programs for the past month and a half, he did not demonstrate that he had taken any affirmative steps to get his problem under control, as evidenced by the fact that he tested positive for both marijuana and cocaine at the time of his referral to the probation department, and again tested positive for marijuana at the time of his presentence interview. Furthermore, McAdams's explanation that he had tested positive for cocaine because someone put it in his drink places his claim that he has taken responsibility for his substance-abuse problem into serious doubt.

{¶ 13} We find equally unconvincing McAdams's claim that the court erred in concluding that he exhibited no genuine remorse. This court has repeatedly held that "the trial court is in the best position to address the genuineness of a defendant's statement at the sentencing hearing since it has the opportunity to observe the demeanor of the defendant." *State v. Lewis*, 11th Dist. No. 2001–L–060, 2002-Ohio-3373, 2002 WL 1400591, ¶ 18; see also, *State v. Chike*, 11th Dist. No.2001–L–120, 2002-Ohio-6912, 2002 WL 31813015, ¶ 12; *State v. Eckliffe*, 11th Dist. No. 2001–L–105, 2002-Ohio-7136, 2002 WL 31862652, ¶ 32; *State v. Tennyson* (Nov. 21, 2001), 11th Dist. No. 98–L–219, 2001 WL 1497209. Based on the fact that the court referred to not only McAdams's positive drug tests following this arrest, but also to his 11 prior convictions for DUI, we cannot find, by clear and convincing evidence, that the court erred in concluding that McAdams lacked genuine remorse.

{¶ 14} For the foregoing reasons, we find McAdams's assignment of error to be without merit and affirm the judgment of the Lake County Court of Common Pleas.

{¶ 15} By leave of this court, granted on May 25, 2005, McAdams raises the following supplemental assignment of error:

{¶ 16} "The trial court erred when it sentenced the defendant-appellant to a more-than-the minimum prison sentence based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's State and Federal Constitutional rights to trial by jury."

{¶ 17} As previously mentioned, McAdams was convicted of a third-degree-felony DUI and ordered to serve a term of four years. The prescribed sentencing range for a third-degree felony is one to five years. R.C. 2929.14(A)(3).

However, R.C. 2929.14(B) provides that "the court shall impose the shortest prison term authorized for the offense * * * unless one or more of the following applies:

{¶ 18} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.

{¶ 19} "(2) The court finds on the record that the shortest term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."

{¶ 20} McAdams argues that since he has not previously served a prison term, the court, in making its "findings" pursuant to R.C. 2929.14(B) that "the shortest term will demean the seriousness" of his conduct and will "not adequately protect the public," violated the dictates of *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, which held that, "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in a jury verdict or admitted by the defendant*." Id. 542 U.S. 296, 124 S.Ct. at 2537, 159 L.Ed.2d 403. (Emphasis sic.) The holding in *Blakely* refined the rule of *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, which held, "Other than the fact of a *prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490, 120 S.Ct. 2348, 147 L.Ed.2d 435. (Emphasis added.)

{¶ 21} Our review of the sentencing transcript indicates that the trial court made findings on the record based upon McAdams's indictment and his presentence investigation report and found that on February 2, 1992, defendant was sentenced to 18 months in prison. Shock probation was denied June of 1992. The court further found that on September 15, 2001, "the defendant was sentenced to one year in prison" for DUI. During oral argument before this court, defense counsel withdrew McAdams's supplemental assignment of error, in recognition of the trial court's recognized capacity under *Blakely* and R.C. 2929.14(B) to take judicial notice of McAdams's prior prison terms when imposing a greater-than-minimum sentence. See *State v. Taylor,* 158 Ohio App.3d 597, 2004-Ohio-5939, 821 N.E.2d 192, ¶ 25.

Judgment affirmed.

O'TOOLE, J., concurs.

O'NEILL, J., concurs separately.

WILLIAM M. O'NEILL, Judge, concurring.

{¶ 22} I concur in the well-reasoned majority opinion, for I believe this matter presents a good opportunity to speak with clarity on the narrow question of the circumstances that permit a trial court to impose more than a minimum sentence in a manner that is consistent with *Blakely v. Washington*.[1] This court has consistently held that a trial court's reliance on a previous prison term as evidenced in the record would still be permissible for the purpose of imposing a sentence greater than the minimum.[2] As stated by this court in *State v. Taylor* :

{¶ 23} "Under R.C. 2929.14(B)(1), the court is entitled to depart from the shortest authorized prison term if the 'offender had previously served a prison term.' Under *Apprendi*, the fact of a prior conviction may be used to enhance the penalty for a crime without being submitted to a jury and proven beyond a reasonable doubt."[3] Therefore, the trial court's imposition of a four-year prison term in this case is "constitutionally permissible under *Apprendi* and, by extension, *Blakely*."[4]

{¶ 24} In addition, this court has recently held:

{¶ 25} "It is clear that, for *Blakely* purposes, a trial court is permitted to take judicial notice that a defendant has served a prior prison term, for that is not a 'finding.' It is a judicial acknowledgement of an indisputable fact. The trial court merely acknowledges the prior prison term and does not have to weigh conflicting evidence to make a factual finding. As such, a defendant's Sixth Amendment rights are not compromised by the exercise."[5]

{¶ 26} As so eloquently stated by the United States Supreme Court in *Blakely*, "[t]his case is not about whether determinate sentencing is constitutional, only about how it can be implemented in a way that respects the Sixth Amendment."[6]

{¶ 27} In this matter, the record clearly demonstrates that appellant served a prior prison term. Therefore, the trial court appropriately imposed more than the minimum sentence. Therefore, I concur with the majority.

---

1. *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.

2. *State v. Taylor*, 158 Ohio App.3d 597, 2004-Ohio-5939, 821 N.E.2d 192.

3. *Apprendi v. New Jersey* (2000), 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435, citing *Jones v. United States* (1999), 526 U.S. 227, 243, fn. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311.

4. *State v. Taylor*, ¶ 25.

5. *State v. Brown*, 11th Dist. No. 2003–A–0092, 2005-Ohio-2879, 2005 WL 1383957, ¶ 89.

6. *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. at 2540, 159 L.Ed.2d 403.