{¶ 48} I respectfully dissent with respect to the reasoning behind the search warrant issues as well as to the imposition of consecutive sentences.
 {¶ 49} The majority and the trial court are on very slippery footing when they speculate as to what Judge Gilligan did or did not know when he issued the search warrant. Most troubling is the trial court's speculation that "I'm assuming that the Judge probably fleshed this out." I am unwilling to make any such assumption.
 {¶ 50} In this case, the neutral magistrate issuing the search warrant was Judge Gilligan of the Parma Municipal Court. The warrant was issued based upon an affidavit, as well as conversations outside the record between the judge and police officers. The issuing court did not take any testimony in support of the affidavit.
 {¶ 51} The Lake County Court of Common Pleas reviewed the sufficiency of the warrant based solely upon the affidavit in the record. It was unable to conclude that the affidavit provided a sufficient basis to establish probable cause for the issuance of the warrant, but it assumed that the issuing court satisfied this requirement.
 {¶ 52} This court is likewise limited to a review of that affidavit. We do not have the luxury of looking outside the record. The affidavit in the record simply does not contain sufficient facts to pass constitutional muster. It is absolutely impermissible to go outside the record and assume the issuing judge "fleshed" out the facts in an unrecorded chat with the police officers. Such an exercise clearly defies appellate review. It is wrong to ratify an impermissible past act, no matter how well-intentioned, to support a present finding.
 {¶ 53} I agree with the majority, however, that the constitutional deficiencies were properly balanced by the officers' good faith exception to the exclusionary rule. The officers' reliance on the warrant issued by Judge Gilligan was objectively reasonable. As stated by the trial court, the search warrant contained the owner's name and did "describe the place to be searched and the property to be searched for and seized. * * * It does state in some [regard] the factual basis for the Affiant's belief that the property is located in the car." As a matter of law, that is enough objective evidence to support a good faith belief in the validity of the warrant.
 {¶ 54} As stated by the Supreme Court of Ohio:
 {¶ 55} "In the case before us, there is no suggestion of falsity or reckless disregard for the truth on the part of the affiant. Nor is there any indication that the municipal judge `* * * wholly abandoned his judicial role * * *' in issuing this warrant.[3] Nor can we say, from the standpoint of the law enforcement officers, that a warrant approved by a judge which describes a growing marijuana plant in an enclosed residential yard and authorizes a search of the yard, outbuildings and residence for marijuana-related items, is either `"* * * so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable * * *"' or `* * * so facially deficient * * * that the executing officers cannot reasonably presume it to be valid.'[4] Accordingly, we find that this search falls squarely within the good faith exception to the exclusionary rule set forth in Leon andWilmoth,[5] and should be upheld even were the warrantlacking in probable cause as alleged."[6]
 {¶ 56} This court has followed the Supreme Court of Ohio with respect to the good faith exception. "The test to determine if a search falls within the good faith exception requires the trial court to decide if the officer's reliance on the legitimacy of the search warrant was objectively reasonable, i.e., would a reasonably well-trained officer have known that the search was illegal despite the magistrate's authorization?"[7] In this matter, the answer is clearly no. There is no evidence that the officers acted in bad faith.
 {¶ 57} Therefore, while I am troubled by the analysis of the trial court and the majority concerning evidence outside the record, Weiss' motion to suppress was correctly denied, due to the good faith exception to the exclusionary rule. Thus, I agree that his convictions should be affirmed.
 {¶ 58} However, I believe Weiss' sentence is constitutionally infirm in light of the United States Supreme Court's decision inBlakely v. Washington.[8]
 {¶ 59} The trial court was permitted to impose a sentence that was greater than the minimum because the defendant had served a prior prison term.[9] However, for the reasons stated in my prior concurring and dissenting opinions, the trial court's imposition of consecutive sentences violated Weiss' Sixth Amendment right to a jury trial, as explained in Blakely v.Washington.[10]
 {¶ 60} This matter should be remanded for resentencing consistent with Blakely v. Washington.
[3] United States v. Leon (1984), 468 U.S. 897, 923.
[4] Id.
[5] State v. Wilmoth (1986), 22 Ohio St.3d 251.
[6] (Emphasis added.) State v. George (1989),45 Ohio St.3d 325, 331-332.
[7] State v. Hawkins (1997), 120 Ohio App.3d 277, 282, citingUnited States v. Leon, supra, and State v. Navarre (June 9, 1989), 6th Dist. No. WD-88-43, 1989 WL 61669.
[8] Blakely v. Washington (2004), 542 U.S. 296.
[9] State v. Brown, 11th Dist. No. 2003-A-0092,2005-Ohio-2879, at ¶ 89; State v. Taylor, 158 Ohio App.3d 597,2004-Ohio-5939, at ¶ 25.
[10] See State v. McAdams, 162 Ohio App.3d 318,2005-Ohio-3895 (O'Neill, J., concurring); State v. Green, 11th Dist. No. 2003-A-0089, 2005-Ohio-3268 (O'Neill, J., concurring);State v. Semala, 11th Dist. No. 2003-L-128, 2005-Ohio-2653
(O'Neill, J., dissenting).