{¶ 119} I respectfully dissent. This is a truly troubling case. The evidence of guilt was overwhelming, yet capable of being disbelieved. However, when weighed in the mire of "other acts" that was presented to this jury, the outcome was inevitable and resulted in a guilty verdict. The majority is correct however, in ruling that we, as an appellate court, may not engage in second-guessing trial strategies, no matter how bizarre. In fairness to all concerned, defense counsel made a valiant effort to create a defense, where none could be found.
 {¶ 120} However, I disagree with the majority's analysis regarding the imposition of appellant's sentence. While I do not disagree with the sentence imposed by the trial court, I believe the process utilized is constitutionally infirm in light of the United States Supreme Court's decision in Blakely v.Washington.[1]
 {¶ 121} For the reasons stated in my prior concurring and dissenting opinions, the trial court's sentence violated appellant's Sixth Amendment right to a jury trial, as explained in Blakely v. Washington.[2]
 {¶ 122} This matter should be remanded for resentencing consistent with Blakely v. Washington.
[1] Blakely v. Washington (2004), 542 U.S. 296.
[2] See State v. McAdams, 162 Ohio App.3d 318, 2005-Ohio-3895
(O'Neill, J., concurring); State v. Green, 11th Dist. No. 2003-A-0089, 2005-Ohio-3268 (O'Neill, J., concurring); State v.Semala, 11th Dist. No. 2003-L-128, 2005-Ohio-2653 (O'Neill, J., dissenting).