{¶ 52} I respectfully dissent on two grounds. First, I cannot accept the position taken by the majority that a reasonable person would believe he is "free to go" when a police officer (1) tells you to stay in the parking lot of the police station while they interrogate your friend inside; and then (2) invites you in to the police station to be interrogated. Calling it "his side of the story" does not change an interrogation into a fireside chat. The right to remain silent belongs to the accused. It is not a faucet to be turned on and off at the direction of a police officer. Significantly, following forty-five minutes of interrogation, the police officer conducting the interrogation decided to advise Wassil of his right to remain silent. Then, he turned on the tape recorder and continued the very same interrogation. That was an intentional violation of Wassil's right to remain silent.
 {¶ 53} Recently, the United States Supreme Court described this tactic and explicitly condemned the "question first" practice being used in this matter.[2] As stated by the United States Supreme Court:
 {¶ 54} "The unwarned interrogation was conducted in the station house, and the questioning was systematic, exhaustive, and managed with psychological skill. When the police were finished there was little, if anything, of incriminating potential left unsaid. The warned phase of questioning proceeded after a pause of only 15 to 20 minutes, in the same place as the unwarned segment. When the same officer who had conducted the first phase recited the Miranda[3] warnings, he said nothing to counter the probable misimpression that the advice that anything Seibert said could be used against her also applied to the details of the inculpatory statement previously elicited. In particular, the police did not advise that her prior statement could not be used."[4]
 {¶ 55} In addition to the Miranda violation, I further dissent with regard to the method utilized by the trial court in sentencing. While I do not disagree with the sentence imposed by the trial court, I believe the process utilized is constitutionally infirm in light of the United States Supreme Court's decision in Blakely v. Washington.[5]
 {¶ 56} For the reasons stated in my prior concurring and dissenting opinions, the trial court's sentence violated Wassil's Sixth Amendment right to a jury trial, as explained in Blakelyv. Washington.[6]
[2] Missouri v. Seibert (2004), 542 U.S. 600.
[3] Miranda v. Arizona (1964), 384 U.S. 436.
[4] (Footnote omitted.) Missouri v. Seibert,542 U.S. at 616.
[5] Blakely v. Washington (2004), 542 U.S. 296.
[6] See State v. McAdams, 162 Ohio App.3d 318, 2005-Ohio-3895
(O'Neill, J., concurring); State v. Green, 11th Dist. No. 2003-A-0089, 2005-Ohio-3268 (O'Neill, J., concurring); State v.Semala, 11th Dist. No. 2003-L-128, 2005-Ohio-2653 (O'Neill, J., dissenting).