OPINION
{¶ 1} Murray G. Sharp, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas in which the court sentenced him to a term of incarceration, pursuant to his pleas of guilty to four counts of gross sexual imposition, which are violations of R.C. 2907.05 and fourth-degree felonies; and four counts of sexual battery, which are violations of R.C.2907.03 and third-degree felonies.
 {¶ 2} On October 27, 2003, appellant was indicted on ten counts of gross sexual imposition, seven counts of sexual battery, and seven counts of rape. Five of the gross sexual imposition counts related to acts committed on TS, appellant's adopted daughter and under 18 years of age at the time of the offenses, and the remaining counts related to VS, also appellant's adopted daughter and under 18 years of age at the time of the offenses. On May 16, 2005, appellant pled guilty to four counts of gross sexual imposition, as they related to TS, and four counts of sexual battery, as they related to VS, and the remaining counts were dismissed. A sexual predator and sentencing hearing was held on June 30, 2005. The court found appellant to be a sexual predator and sentenced him to one-year incarceration on the four sexual battery counts, to be served consecutively to each other, and six months on each of the gross sexual imposition counts, to be served concurrently to each other and concurrently to the sexual battery imprisonment terms. Appellant appeals the judgment of the trial court, asserting the following assignments of error:
I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPROPERLY SENTENCING HIM TO TERMS OF ACTUAL INCARCERATION IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES.
II. THE TRIAL COURT FAILED TO CONDUCT A PROPER SEXUAL OFFENDER CLASSIFICATION HEARING AND ABUSED ITS DISCRETION IN FINDING THAT APPELLANT WAS A SEXUAL PREDATOR.
 {¶ 3} Appellant asserts in his first assignment of error that the trial court erred when it improperly sentenced him. Specifically, appellant first contends that, with regard to the sentences for the third-degree felony sexual battery convictions, the record is devoid of any indication that it considered any of the seriousness and recidivism factors in R.C. 2929.12, and does not indicate the trial court considered all of the purposes and principles of sentencing contained in R.C. 2929.11, as required by R.C. 2929.13(C), which provides:
Except as provided in division (E), (F), or (G) of this section, in determining whether to impose a prison term as a sanction for a felony of the third degree * * * the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section2929.12 of the Revised Code.
 {¶ 4} With regard to the factors in R.C. 2929.12, the trial court did make findings that fit within several seriousness and recidivism factors. The court stated that appellant's actions caused mental health issues with his daughters, who were only teenagers (see R.C. 2929.12[B][1] and [2]); appellant was the parent of his victims (see R.C. 2929.12[B][6]); appellant had lived a law-abiding life prior to the crimes (see R.C.2929.12[E][3]); the court did not believe appellant would necessarily engage in future crimes (see R.C. 2929.12[E][4]); and, although appellant showed remorse, his delay in pleading guilty raises some question as to the genuineness of his remorse (see R.C. 2929.12[E][5]). Although the trial court did not align any of these findings with the enumerated factors, R.C. 2929.12
does not require that the sentencing court use specific language regarding its consideration of the seriousness and recidivism factors. See State v. Arnett (2000), 88 Ohio St.3d 208, 215;State v. McAdams, 162 Ohio App.3d 318, 2005-Ohio-3895, at ¶ 8;State v. Patterson, Cuyahoga App. No. 84803, 2005-Ohio-2003, at ¶ 10. Further, there is no requirement in R.C. 2929.12 that the trial court state on the record that it has considered the statutory criteria or even discussed them. State v. Polick
(1995), 101 Ohio App.3d 428, 431; State v. Gant, Mahoning App. No. 04 MA 252, 2006-Ohio-1469, at ¶ 60 (nothing in R.C. 2929.12
or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing State v.Cyrus (1992), 63 Ohio St.3d 164, 166; State v. Hughes, Wood App. No. WD-05-024, 2005-Ohio-6405, at ¶ 10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case). Therefore, in the present case, we find the trial court complied with R.C. 2929.12.
 {¶ 5} With regard to the factors in R.C. 2929.11, the trial court specifically noted that the overriding purposes of felony sentencing in Ohio are to protect the public from future crime and to punish the offender. See R.C. 2929.11(A). The court stated that the statements of remorse and the statements from the victims suggested that protecting the public from future crime was not necessarily an overriding matter in this case, but the community cannot stand for such behavior, and the court must still appropriately punish appellant. The court called the crimes "nasty," "deviant," and "horrible," and indicated appellant's behavior caused mental health issues with his daughters, all of which go toward the seriousness of the crime and the impact upon the victims, as indicated in R.C. 2929.11(B). Thus, we find the record demonstrates the trial court considered the relevant factors in R.C. 2929.11.
 {¶ 6} We also note that the trial court stated in its judgment entry that it considered the purposes and principles and sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. This statement further supports the conclusion that the trial court considered the requisite statutory factors prior to sentencing appellant. See State v. Woods, Richland App. No. 05 CA 46, 2006-Ohio-1342, at ¶ 20 (statement in sentencing entry that court had considered the seriousness and recidivism factors in R.C. 2929.12 was sufficient evidence that it had); State v.Carter, Portage App. No. 2003-P-0007, 2004-Ohio-1181, at ¶ 46 (the court's consideration of R.C. 2929.12 can be derived from the record of the sentencing hearing and/or the judgment entry imposing sentence); State v. Gomez (May 23, 2000), Mahoning App. No. 99 C.A. 10 (statement in judgment entry that court considered R.C. 2929.11 and 2929.12 supports conclusion that it considered the statutory factors); State v. Brooks (Aug. 18, 1998), Franklin App. No. 97APA11-1543 (trial court's indication in the record that the statutory factors had been weighed is sufficient for purposes of R.C. 2929.11 and 2929.12). Therefore, we find the trial court's citation to R.C. 2929.11 and 2929.12 in the judgment entry supports the conclusion that it properly considered the factors contained in those statutes in sentencing appellant on the sexual battery convictions.
 {¶ 7} With regard to the sentence for the fourth-degree felonies, appellant contends the trial court failed to make the findings required by R.C. 2929.13(B), which provides, in pertinent part:
(B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
* * *
(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05,2907.22, 2907.31, 2907.321 [2907.32.1], 2907.322 [2907.32.2], 2907.323 [2907.32.3], or 2907.34 of the Revised Code.
* * *
(2)(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
 {¶ 8} In the present case, we find the trial properly sentenced appellant for his gross sexual imposition convictions. Appellant contends the court failed to follow the procedure outlined in R.C. 2929.13(B) by failing to find gross sexual imposition was an offense enumerated in R.C. 2929.13(B)(1)(f), failing to apply the factors in R.C. 2929.12, and failing to find he was not amenable to a community-control sanction. We first note that we have already found that the trial court properly considered R.C. 2929.12. Notwithstanding, even if the trial court failed to find gross sexual imposition was an offense enumerated in R.C. 2929.13(B) and failed to find appellant was not amenable to a community-control sanction, the Ohio Supreme Court held inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, that R.C.2929.13(B)(2)(a) "permit[s] a judge to impose prison rather than community control without R.C. 2929.13(B) findings." (Emphasis sic.) Id., at ¶ 70. Thus, a judge who does not make one of the (B)(1) findings and does not find that community control is a sufficient sanction can still impose a prison term. Id. Here, the trial court did not find that community control was a sufficient sanction. Therefore, even if the trial court failed to make the findings under R.C. 2929.13(B), as appellant contends, the trial court could still properly impose a prison sentence. For these reasons, appellant's first assignment of error is overruled.
 {¶ 9} Appellant argues in his second assignment of error that the trial court failed to conduct a proper sexual offender classification hearing and abused its discretion in finding that he was a sexual predator. Appellant first contends that the trial court failed to discuss on the record the particular evidence and factors from R.C. 2950.09(B)(2) upon which it relied in making its determinations regarding the likelihood of recidivism, in contravention of State v. Eppinger (2001), 91 Ohio St.3d 158. The Ohio Supreme Court stated in Eppinger that, to ensure a fair sexual predator hearing, three objectives should be observed: (1) it is critical that a record be created for review; (2) an expert may be required to assist the trial court in determining whether the offender is likely to engage in the future in a sexually oriented offense; and (3) the trial court should consider the statutory factors listed in R.C.2950.09(B)(3) and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the defendant's likelihood of recidivism.
 {¶ 10} Here, appellant argues the trial court failed to comply with the third objective delineated in Eppinger by failing to discuss any R.C. 2950.09(B)(3) factors. We disagree. The trial court found on the record that the "time duration" for the crimes spanned "a sufficient amount of time" and was "fairly substantial." It is apparent from the prosecutor's discussion immediately prior to the trial court's finding that the trial court was referring to whether the sexual activity was "part of a demonstrated pattern of abuse" pursuant to R.C. 2950.09(B)(3)(h). Thus, we find the trial court did, in fact, cite one of the factors from R.C. 2950.09(B)(3).
 {¶ 11} However, appellant contends that, if this court finds that the trial court based its sexual predator determination upon the fact that the sexual activity was part of a demonstrated pattern of sexual abuse, as we did above, Eppinger prohibits a court from adjudicating a defendant as a sexual predator based only upon one factor that relates to the nature and circumstances of the instant offense. However, we specifically rejected this precise argument in State v. Henson (Mar. 14, 2000), Franklin App. No. 99AP-553, in which we stated:
We would point out that nowhere in R.C. 2950 is there any prohibition against being adjudicated a sexual predator based solely on facts arising from the underlying offense. Those facts alone are not always sufficient to support a sexual predator finding, but sometimes, as in this case, they are. * * *
Id. See, also, State v. Kirkland, Franklin App. No. 04AP-654,2005-Ohio-1123, at ¶ 13, citing State v. King (Mar. 7, 2000), Franklin App. No. 99AP-597 (we have declined to conclude that facts derived from the sexual offense for which a defendant was convicted can never in themselves be sufficient to support a sexual predator finding). We explained in Henson that there were facts in that case indicating a "special propensity" existed. We found there were facts within the underlying offense that were especially indicative of the likelihood of the offender to engage in another sexually oriented offense in the future, and noted that an especially aggravating fact was the preying of an adult upon a 14-year-old victim with the use of force.
 {¶ 12} In the present case, beyond the fact that the crimes demonstrated a pattern of abuse, there existed underlying facts indicating a similar "special propensity." Although the trial court did not recite these other facts prior to adjudicating appellant a sexual predator, the state argued them before the court, and they squarely fit within the factors contained in R.C.2950.09(B)(3). The victims of appellant's offenses were both under the age of 18. See R.C. 2950.09(B)(3)(c). Ohio courts have acknowledged the high potential of recidivism among sex offenders whose crimes involve the exploitation of children. See State v.Maynard (1999), 132 Ohio App.3d 820, 826. The offenses also regarded multiple victims. See R.C. 2950.09(B)(3)(d). Although offenses may occur at separate times and have separate victims, multiple victims still exist for purposes of R.C.2950.09(B)(3)(d), and this fact demonstrates a risk of re-offending. See State v. Fears, Franklin App. No. 04AP-1164,2005-Ohio-2960, at ¶ 11. Further, the victims here were appellant's adopted daughters. See R.C. 2950.09(B)(3)(h). Taking advantage of a position of trust with younger victims supports a sexual predator finding. See State v. Messer, Franklin App. No. 03AP-169, 2004-Ohio-2127, at ¶ 17.
 {¶ 13} An appellate court, in reviewing a finding that an appellant is a sexual predator, must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard. State v.Grau (Dec. 28, 1999), Franklin App. No. 99AP-433. Clear and convincing evidence is that measure or degree of proof that is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and that will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. State v. Smith (June 22, 1999), Franklin App. No. 98AP-1156, following Cincinnati Bar Assn. v. Massengale (1991),58 Ohio St.3d 121, 122. In the present case, based upon the above evidence and the factors cited by the trial court, we find that there was sufficient evidence to satisfy the clear and convincing standard. Therefore, appellant's second assignment of error is overruled.
 {¶ 14} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Klatt, P.J., and McGrath, J., concur.