OPINION *Page 2 
{¶ 1} Defendant-Appellant, Jason E. Chamberlin, appeals the judgment of the Putnam County Court of Common Pleas, convicting him of burglary and attempted violation of a protective order and sentencing him to consecutive eighteen-month prison terms for each conviction. On appeal, Chamberlin asserts that the trial court committed plain error by failing to merge his sentences. Finding that the trial court did not commit plain error, we affirm the judgment of the trial court.
 {¶ 2} In February 2006, Jessica Batt obtained a protection order against Chamberlin, which prohibited him from, among other things, harming, attempting to harm, threatening, stalking, harassing, annoying, initiating or having any contact with her, or coming within five hundred feet of her.
 {¶ 3} In March 2006, the Putnam County Grand Jury indicted Chamberlin for one count of violating a protection order, with a specification that he committed the offense while committing a felony burglary offense, in violation of R.C. 2919.27(A)(2),(B)(4), a felony of the third degree, and one count of burglary in violation of R.C. 2911.12(A)(4), a felony of the fourth degree. The indictment arose from an incident whereby Chamberlin went to Batt's apartment and demanded to be let in, damaged her car when she refused to let him in, kicked her *Page 3 
front door in, entered her apartment, and grabbed her. Subsequently, Chamberlin pled not guilty to both counts of the indictment.
 {¶ 4} In May 2006, Chamberlin withdrew his not guilty plea and entered a negotiated plea of guilty to burglary and to an amended count of attempted violation of a protection order, both felonies of the fourth degree.
 {¶ 5} In July 2006, the trial court sentenced Chamberlin to an eighteen-month prison term for each conviction, to be served consecutively, ordered him to pay costs and restitution, and imposed three years of post-release control.
 {¶ 6} It is from this judgment that Chamberlin appeals, presenting the following assignment of error for our review.
 THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO MERGE THE SENTENCES.
 {¶ 7} In his sole assignment of error, Chamberlin contends that the trial court committed plain error by failing to merge his sentences. Specifically, Chamberlin asserts that his multiple convictions and sentences violated R.C. 2941.25, the statute prohibiting multiple convictions for allied offenses of similar import, because he committed a single act with a single animus. We disagree.
 {¶ 8} Chamberlin failed to argue at the trial level that his sentences should have been merged. As such, Chamberlin has waived the issue on appeal except as to plain error. State v. Long (1978), 53 Ohio St.2d 91,97; Crim.R. 52(B). *Page 4 
 {¶ 9} A reviewing court recognizes plain error "`with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice.'" State v. Landrum (1990), 53 Ohio St.3d 107,111, quoting Long, 53 Ohio St.2d at paragraph three of the syllabus. Under the plain error standard, an appellant must demonstrate that the outcome of his trial would clearly have been different but for the errors that he alleges. State v. Waddell (1996), 75 Ohio St.3d 163, 166,1996-Ohio-1043, citing State v. Moreland (1990), 50 Ohio St.3d 58.
 {¶ 10} R.C. 2941.25 governs convictions for multiple counts of an indictment, and prohibits a defendant's conviction on two or more offenses charged in the indictment "[w]here the same conduct by [a] defendant can be construed to constitute two or more allied offenses of similar import." R.C. 2941.25(A). In order to determine whether two separately charged offenses are of similar import, the statutory elements of the offenses must be compared in the abstract. State v.Ranee (1999), 85 Ohio St.3d 632, 1999-Ohio-291, paragraph one of the syllabus. If the elements of the crimes "correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import." Id. at 636, quoting State v. Jones (1997), 78 Ohio St.3d 12, 13, 1997-Ohio-38. "If the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends — the multiple convictions are permitted."Ranee, 85 Ohio St.3d at 636, citing R.C. 2941.25(B). *Page 5 
However, "a court need only engage in the allied-offense analysis when the same conduct, or single act, results in multiple convictions."State v. Cooper, 104 Ohio St.3d 293, 296, 2004-Ohio-6553.
 {¶ 11} Here, Chamberlin argues that, based upon Cooper, because his multiple convictions arose from the same conduct with a single animus, rather than two separate acts or animuses, R.C. 2941.25 applies to prohibit his conviction for both offenses. However, Chamberlin misreadsCooper as standing for the proposition that the State had to prove two distinct acts of burglary — one for the predicate offense for violating the protection order and a separate one which did not result in a violation of the protection order — in order to convict him for both. InCooper, the Ohio Supreme Court established a two step process for the courts: 1) determine whether the convictions resulted from the same conduct or a single act or animus, and 2) if they did, engage in the allied offense analysis to determine whether the offender should have been sentenced for only one conviction. Thus, if the convictions resulted from different conduct or separate and distinct acts or animuses, the allied offense analysis is irrelevant and multiple convictions are allowed. Further, even if the convictions did arise out of the same conduct or a single act or animus, multiple convictions are still allowed as long as the offenses are not allied offenses of similar import. Cooper, 104 Ohio St.3d at 296-97. Chamberlin's interpretation turns the Cooper analysis on its head by asserting that, *Page 6 
if the first step in the process is shown to be the case, multiple convictions may not stand regardless of whether they are allied offenses of similar import. Therefore, we must determine whether burglary and attempted violation of a protection order are allied offenses of similar import.
 {¶ 12} Burglary is defined as the following: "No person, by force, stealth, or deception, shall * * * [trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present." R.C. 2911.12(A)(4). Attempt is defined as the following: "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A). Violation of a protection order is defined as the following: "No person shall recklessly violate the terms of * * * [a] protection order issued pursuant to [R.C. 2903.213 or 2903.214]." R.C. 2919.27(A)(2). The protection order issued against Chamberlin prohibited him from, among other things, harming, attempting to harm, threatening, stalking, harassing, annoying, initiating or having any contact with Batt, or coming within five hundred feet of her.
 {¶ 13} Comparing the elements of the offenses in the abstract, we find that they do not correspond to such a degree that the commission of one offense will necessarily result in the commission of the other. Burglary involves using force, *Page 7 
stealth, or deception to trespass in the habitation of any person when any person is present or likely to be present. Conversely, attempted violation of a protection order requires only that the offender attempt to violate the terms of the order. Thus, burglary would not automatically result from the attempted violation of a protection order and vice versa. See State v. Bates, 12th Dist. No. CA2001-10-018, 2002-Ohio-5512, ¶ 25 (finding same). Therefore, we find that the trial court did not commit plain error by failing to merge Chamberlin's sentences.
 {¶ 14} We further note that Chamberlin had already violated the protection order (at a misdemeanor level) by being within 500 feet of Batt, and also by damaging her car, prior to committing the burglary.
 {¶ 15} Accordingly, Chamberlin's assignment of error is overruled.
 {¶ 16} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW and PRESTON, J.J., concur. *Page 1