OPINION *Page 2 
{¶ 1} Defendant-Appellant, Travis M. Smith, appeals the judgment of the Auglaize County Common Pleas Court, Criminal Division, sentencing him to an aggregate prison term of twenty-nine years and twelve months. On appeal, Smith asserts that the trial court violated Crim.R. 32(A)(1) and the due process clause by not allowing him to present information in mitigation; that the trial court erred by denying his request for a presentence investigation report (hereinafter referred to as "PSI"); that the trial court violated R.C. 2929.11(B) by sentencing him to a disproportionate sentence without properly considering the requisite factors under R.C. 2929.12 through R.C. 2929.14; and, that the trial court erred by ordering him to pay restitution without considering his ability to pay. Based on the following, we affirm the judgment of the trial court.
 {¶ 2} In June 2006, the Auglaize County Grand Jury indicted Smith on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, with a firearm specification; six counts of kidnapping in violation of R.C. 2905.01(A)(2), felonies of the second degree, with firearm specifications on five of the six counts; one count of grand theft in violation of R.C. 2913.02(A)(1), a felony of the fourth degree; and, one count of possessing criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree. The indictment arose from a bank robbery executed by Smith in May 2006. *Page 3 
 {¶ 3} In July 2006, Smith entered a plea of not guilty to all counts of the indictment.
 {¶ 4} In August 2006, the trial court conducted a change of plea hearing, at which Smith withdrew his not guilty plea and entered a negotiated plea of guilty to the aggravated robbery count, with a firearm specification, two of the kidnapping counts, both with firearm specifications, and the possessing criminal tools count, in exchange for the dismissal of the remaining counts and firearm specifications. The trial court then conducted a Criminal Rule 11 colloquy with Smith, informed him that it could proceed to sentencing that day, and accepted his guilty plea. Thereafter, the following occurred.
 {¶ 5} First, the State recounted the facts of the May 2006 bank robbery, indicating that Smith entered the Community First Bank (hereinafter referred to as "the bank") in St. Marys, located in Auglaize County, Ohio, where six tellers were present; that he approached one teller, demanded money, and produced a handgun; that he jumped on the counter of the bank, again commanded the teller to give him all the money they had, and threatened to hold everyone hostage all day; that he made all of the tellers get into a storage closet; that he told the tellers that if they left or activated an alarm he would hold them hostage all day; that he displayed and waved his gun at the tellers; and, that he took $27,585.00 from the bank. The State continued that the police later apprehended Smith, who had shaved his head, *Page 4 
and found the gun, a police scanner, maps charting the frequencies of different police departments, the bag used to carry the money, and the stolen money. At the conclusion of the State's recitation of the facts, the trial court asked Smith whether the recitation was correct, to which he replied in the affirmative.
 {¶ 6} Next, the trial court accepted Smith's plea of guilty and indicated that it would proceed to sentencing. At that point, Smith requested a continuance for a PSI so that he could present a more "lengthy and thoughtful statement," argument from his counsel, and "potentially some statements from his family members" in mitigation. (Hearing Tr., p. 24). The trial court denied Smith's request, stating:
 I order [PSIs] in the vast majority of sentencings that I do. When I say the vast majority is an understatement as I almost always do. But in this case there is a significant amount of information before the Court already and I believe it is more appropriate that the Court proceed to sentence * * * Smith.
(Hearing Tr., p. 24). The State then submitted victim impact statements to the trial court and requested that it impose the maximum sentence on Smith, after which the trial court took a recess to allow it and Smith to review the victim impact statements.
 {¶ 7} Thereafter, Smith's counsel spoke on Smith's behalf in mitigation of sentence and both Smith's counsel and the State presented case law in support of the sentence they wanted the trial court to impose. *Page 5 
 {¶ 8} Next, the trial court addressed Smith as follows:
 Is there anything you wish to say to the Court as to why the Court should impose a lesser sentence rather than a greater sentence or anything to say about sentencing at all? This is your chance.
(Hearing Tr., p. 42). Smith replied that he did not intend to harm anyone; that he had been involved in several robberies where people had resisted, but had never fired his gun; that he only used the gun as a prop in order to be taken seriously; that he bought the gun three to four months before carrying out his first robbery; that he marked the police department frequencies a few months before the robbery; and, that the possibility of robbing a bank was in the back of his mind when he programmed the police scanner a few months before the robbery. Thereafter, Smith's counsel noted that Smith's family would express their concern and ask the trial court to be lenient if they were present.
 {¶ 9} Subsequently, the trial court acknowledged the overriding purposes of felony sentencing, the factors it had to consider to achieve those purposes, and the need for Smith's sentence to be commensurate with his conduct and consistent with sentences imposed for similar crimes committed by similar offenders. The trial court then sentenced Smith to a mandatory three-year prison term on each firearm specification, to the maximum ten-year prison term on the aggravated robbery conviction, to the maximum eight-year prison term on each of the kidnapping convictions, and to the maximum twelve-month prison term on the *Page 6 
possessing criminal tools conviction. The trial court ordered the firearm specification convictions to be served concurrently, and the remaining sentences to be served consecutively to each other and to the firearm specification convictions, for an aggregate sentence of twenty-nine years and twelve months. In doing so, the trial court explained to Smith:
 Your attorney has made some good points, [Smith], and certain[ly] proportionality is always a very challenging discussion and a challenging decision. It's a challenging discussion for Counsel because, of course, every crime is unique. The Defendant committing the crime is unique. And this balance of proportionality in discussing what other persons have gotten for similar offenses and at the same time considering the individual circumstances of this particular case.
 Pursuant to State v. Foster the Court no longer makes findings. But your attorney is correct, and just because the Court doesn't make findings doesn't mean that the statutes are not still applicable. The factors that the Court must consider under Section 2929.12 are still applicable and the overriding statute under 2929.11 is still applicable. You made a series of very poor decisions, but that wasn't a spur of the moment decision. There was (sic.) months of thinking about this and at least weeks of planning it. Unfortunately during those months of thinking about it and the weeks of planning it, if you ever considered what impact this would have on those [victims] that portion of your consideration didn't win out.
 I just think you're very lucky a police officer didn't walk into the bank in the middle of all this going on because you would have had a gun, a police officer would have had a gun, he would have been caught by surprise, you would have been flabbergasted, somebody would have ended up shot. No, you're not being prosecuted for attempted murder. No, you're not being prosecuted for murder. No, you're not being prosecuted for felonious assault. Those crimes didn't occur. But for the *Page 7 grace of God, they could have. You could have walked in, not flashed a gun, handed the note, walked out.
(Hearing Tr., pp. 51-52).
 {¶ 10} Additionally, the trial court ordered Smith to pay restitution in the amount of $27,585.00, stating "[t]oward that end however, that money being recovered, it is the order of the Court that the * * * law enforcement agencies return that money to the victim [bank]. * * * In light of the lengthy sentence, the Court does not impose any additional financial sanction other than to assess the costs." (Hearing Tr., p. 50).
 {¶ 11} In its subsequent judgment entry, the trial court noted that it considered the record, oral statements, victim impact statements, the principles and purposes of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12 in sentencing Smith.
 {¶ 12} It is from this judgment that Smith appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT VIOLATED CRIMINAL RULE 32(A)(1) AND THE DUE PROCESS CLAUSE IN THE 14th AMENDMENT OF THE CONSTITUTION WHEN IT FAILED TO ALLOW DEFENDANT-APPELLANT TO PRESENT INFORMATION IN MITIGATION OF PUNISHMENT.
 Assignment of Error No. II *Page 8 THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S REQUEST FOR A PRESENTENCE INVESTIGATION REPORT.
 Assignment of Error No. III THE TRIAL COURT ERRED BY ORDERING A SENTENCE WITHOUT PROPERLY CONSIDERING THE FACTORS IN R.C. 2929.12 THROUGH 2929.14 WHICH RESULTED IN A DISPROPORTIONATE SENTENCE IN VIOLATION OF R.C. 2929.11(B).
 Assignment of Error No. IV THE TRIAL COURT ERRED BY ORDERING DEFENDANT-APPELLANT TO PAY RESTITUTION WITHOUT CONSIDERING HIS ABILITY TO PAY UNDER R.C. 2929.18(B)(6).
 Assignment of Error No. I {¶ 13} In his first assignment of error, Smith contends that the trial court violated Crim.R. 32(A)(1) and the due process clause of the 14th Amendment by failing to allow him to present information in mitigation of punishment. Specifically, Smith asserts that the trial court's refusal to grant him a continuance denied him the opportunity to present character evidence and to address evidence introduced by the State and considered by the trial court. We disagree.
 {¶ 14} A trial court has broad discretion to grant or deny a continuance, and such decision will not be overturned on appeal absent an abuse of discretion. State v. Jones, 91 Ohio St.3d 335, 342,2001-Ohio-57, citing State v. Unger (1981), 67 Ohio St.2d 65, 67. An abuse of discretion "connotes more than an error of law or *Page 9 
judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Whether a trial court abused its discretion in ruling on a motion for continuance must be determined case-by-case by weighing any potential prejudice to the defendant with "a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." Unger, 67 Ohio St.2d at 67.
 {¶ 15} A defendant's right to allocution is governed by Crim.R. 32(A)(1), which requires a trial court to "[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment" before imposing sentence. The purpose of allocution is "to allow the defendant an additional opportunity to state any further information which the judge may take into consideration when determining the sentence to be imposed." Defiance v. Cannon (1990),70 Ohio App.3d 821, 828. Accordingly, a defendant's right of allocution is absolute.State v. Green, 90 Ohio St.3d 352, 359, 2000-Ohio-182. However, a trial court's failure to address a defendant during sentencing is not prejudicial in every case. State v. Campbell, 90 Ohio St.3d 320, 325,2000-Ohio-183; State v. Reynolds (1998), 80 Ohio St.3d 670, 684.
 {¶ 16} Here, Smith argues that the trial court should have continued his sentencing hearing in order to give him the opportunity to present character *Page 10 
witnesses and to address evidence introduced by the State and considered by the trial court. In doing so, Smith emphasizes the phrase "or present any information in mitigation of punishment" provided in Crim.R. 32(A)(1) to support his assertion that a continuance was required. However, nothing in Crim.R. 32(A)(1) requires a trial court to grant a continuance so that character witnesses may be presented, and the requirement to allow a defendant to speak or present information in mitigation has not been interpreted as such. See, e.g., State v.Pempton, 8th Dist. No. 80255, 2002-Ohio-5831, ¶¶ 22-26 (trial court did not violate Crim.R. 32(A)(1) or abuse its discretion in refusing to permit defendant's family to speak at sentencing where trial court had intimate knowledge of defendant and his past crimes). This is particularly so in light of R.C. 2929.19(A)(1), which gives a trial court discretion to allow anyone other than the defendant, the prosecutor, and the victim to speak at sentencing.
 {¶ 17} In the case sub judice, a review of the record indicates that Smith had ample opportunity to address the information produced by the State and considered by the trial court, and that the trial court did not violate Crim.R. 32(A)(1). Particularly, the record demonstrates that the trial court specifically asked Smith whether the State's recitation of the facts was correct, to which he replied in the affirmative; that a recess was taken after the State submitted the victim impact statements to allow the trial court and Smith to review them; that the *Page 11 
trial court allowed Smith's counsel to speak on Smith's behalf in mitigation; that the trial court directly addressed Smith and allowed him to make a statement in mitigation; that the trial court allowed Smith's counsel to provide what Smith's family would have stated had they been present and allowed to speak; and, that the trial court noted that the amount of information it had rendered a continuance unnecessary. Based on these facts, we find that the trial court did not abuse its discretion by denying Smith's request for a continuance and that the trial court complied with the requirements of Crim.R. 32(A)(1).
 {¶ 18} Accordingly, we overrule Smith's first assignment of error.
 Assignment of Error No. II {¶ 19} In his second assignment of error, Smith contends that the trial court erred by denying his request for a PSI. Specifically, Smith asserts that the trial court was required to order a PSI because it is required in every felony case and because he was eligible for probation on his underlying offenses. We disagree.
 {¶ 20} Crim.R. 32.2 provides that, in felony cases, a trial court is required "to order a [PSI] and report before imposing community control sanctions or granting probation." However, where community control sanctions or probation are not at issue, Crim.R. 32.2 does not apply.State v. Cyrus (1992), 63 Ohio St.3d 164, 166. Even where a defendant is eligible for community control sanctions or probation, a PSI is not required unless the trial court actually imposes community *Page 12 
control sanctions or grants probation. State v. Evans (1994),93 Ohio App.3d 121, citing State v. Henry (1987), 37 Ohio App.3d 3; see, also,State v. Garrison (1997), 123 Ohio App.3d 11 (PSI not required where trial court did not consider placing defendant on probation, despite being eligible, as evidenced by its imposition of maximum, consecutive sentences).
 {¶ 21} Here, Smith first argues that PSI's are required in all felony cases, relying upon this Court's decision in State v. Koons, wherein we stated that "the [PSI] is mandated by rule in felony cases." (1984),14 Ohio App.3d 289, 291. However, that statement was made in the context of determining whether a trial court had properly considered the factors under R.C. 2929.12 in sentencing a defendant, not in determining whether the trial court was required to order a PSI, as in this case. Additionally, that statement was simply inartfully drafted and, at any rate, was nonbinding dicta. This is particularly so in light ofCyrus, decided after Koons, which clearly held that Crim.R. 32.2 does not apply where probation is not at issue.
 {¶ 22} Next, Smith argues that probation was at issue because he was eligible for it on his underlying offenses. However, Smith was subjected to a mandatory prison term for the firearm specifications, and the trial court did not consider placing him on probation for the underlying offenses, as evidenced by its imposition of maximum, consecutive sentences. Thus, Crim.R. 32.2 did not apply *Page 13 
and the trial court was not required to order a PSI. Because neither community control sanctions nor probation were at issue, we find that the trial court did not err by failing to order a PSI.
 {¶ 23} Accordingly, we overrule Smith's second assignment of error.
 Assignment of Error No. III {¶ 24} In his third assignment of error, Smith contends that the trial court erred by sentencing him without properly considering the factors in R.C. 2929.12 through R.C. 2929.14, which resulted in a disproportionate sentence in violation of R.C. 2929.11(B). Specifically, Smith argues that his sentence was contrary to the facts in the record. We disagree.
 {¶ 25} Following the Ohio Supreme Court's decision in State v.Foster, trial courts "are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." 109 Ohio St.3d 1, 2006-Ohio-856, ¶ 100. Instead, "trial courts have full discretion to impose a prison sentence within the statutory range." Id.
 {¶ 26} However, a trial court must still consider the overall purposes of sentencing set forth in R.C. 2929.11, as well as the factors relating to the seriousness of the offense and recidivism of the offender under R.C. 2929.12, when sentencing an offender.[1] State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38. *Page 14 
But, under R.C. 2929.12, a sentencing court is not required to use specific language regarding its consideration of the seriousness and recidivism factors. See, e.g., State v. Sharp, 10th Dist. No. 05AP-809,2006-Ohio-3448, ¶ 4, citing State v. Amett (2000), 88 Ohio St.3d 208,215, State v. McAdams, 162 Ohio App.3d 318, 2005-Ohio-3895, ¶ 8, andState v. Patterson, 8th Dist. No. 84803, 2005-Ohio-2003, ¶ 10. Further, there is no requirement in R.C. 2929.12 that the trial court state on the record that it has considered the statutory criteria or even discussed them. State v. Polick (1995), 101 Ohio App.3d 428, 431;State v. Gant, 7th Dist. No. 04 MA 252, 2006-Ohio-1469, ¶ 60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing State v.Cyrus (1992), 63 Ohio St.3d 164, 166; State v. Hughes, 6th Dist. No. WD-05-024, 2005-Ohio-6405, ¶ 10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable).
 {¶ 27} Here, a review of the record indicates that the trial court considered both R.C. 2929.11 and R.C. 2929.12 in sentencing Smith and that the sentence was supported by the record. The trial court used the language set forth in R.C. 2929.11 and R.C. 2929.12 when it acknowledged the overriding purposes of *Page 15 
felony sentencing, the factors it had to consider to achieve those purposes, and the need for Smith's sentence to be commensurate with his conduct and consistent with sentences imposed for similar crimes committed by similar offenders. Even though Smith presented cases where lighter sentences were imposed for similar crimes committed by similar offenders, the State also presented cases where maximum, consecutive sentences were imposed for similar crimes committed by similar offenders. In imposing Smith's sentence, the trial court emphasized the impact to the victims, his level of preparation, and his use of a gun, and specifically discussed the issue of proportionality with Smith.
 {¶ 28} Furthermore, we note that the trial court also stated in its judgment entry that it considered the purposes and principles and sentencing set forth in R.C. 2929.11 and the factors set forth in R.C.2929.12. This statement further supports the conclusion that the trial court considered the requisite statutory factors prior to sentencing Smith. See, e.g., Sharp, supra; State v. Woods, 5th Dist. No. 05 CA 46,2006-Ohio-1342, ¶ 20 (statement in sentencing entry that court had considered the seriousness and recidivism factors in R.C. 2929.12 was sufficient evidence that it had); State v. Carter, 11th Dist. No. 2003-P-0007, 2004-Ohio-1181, ¶ 46 (trial court's consideration of R.C.2929.12 can be derived from the record of the sentencing hearing and/or the judgment entry imposing sentence). Therefore, we find that the trial court properly considered the factors contained in *Page 16 
R.C. 2929.11 and R.C. 2929.12 in sentencing Smith and that the sentence was supported by the record.
 {¶ 29} Accordingly, we overrule Smith's third assignment of error.
 Assignment of Error No. IV {¶ 30} In his fourth assignment of error, Smith contends that the trial court erred by ordering him to pay restitution without considering his ability to pay under R.C. 2929.19(B)(6). We disagree.
 {¶ 31} R.C. 2929.18 authorizes a trial court to impose financial sanctions and restitution when sentencing a person convicted of a felony. However, a trial court must first consider an offender's "present and future ability to pay" before doing so. R.C. 2929.19(B)(6). There are no express factors a trial court must analyze or any findings it must make in considering an offender's ability to pay. State v.Wells, 3d Dist. No. 13-02-17, 2002-Ohio-5318, ¶ 8; State v. Adkins
(2001), 144 Ohio App.3d 633, 647. Likewise, a trial court is not required to hold a hearing to determine an offender's present and future ability to pay a financial sanction. Wells, 2002-Ohio-5318 at ¶ 8, citing State v. Martin (2000), 140 Ohio App.3d 326, 338; R.C.2929.18(E). However, there must be some evidence in the record to indicate that the trial court considered an offender's present and future ability to pay. State v. Culver, 160 Ohio App.3d 172,2005-Ohio-1359, ¶ 57; State v. Robinson, 3d Dist. No. 5-04-12, 2004-Ohio-5346, ¶ 17. *Page 17 
 {¶ 32} Here, a review of the record indicates that the trial court considered Smith's ability to pay the restitution it ordered. While the trial court did not explicitly state that it had considered Smith's present and future ability to pay restitution, it is clear that it did so by ordering Smith to pay restitution in the exact amount that he had stolen from the victim bank, $27,585.00, acknowledging that law enforcement had already recovered that amount in its entirety from him, and ordering law enforcement to return it to the bank. The trial court imposed no additional financial sanctions upon Smith, other than costs. Thus, we find that the trial court complied with the requirements of R.C. 2929.19(B)(6) and did not err in ordering Smith to pay restitution.
 {¶ 33} Accordingly, we overrule Smith's fourth assignment of error.
 {¶ 34} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW and WILLAMOWSKI, JJ., concur. r
[1] We note that Smith incorrectly asserts that the trial court was required to consider the factors under R.C. 2929.13 and R.C. 2929.14, in addition to those in R.C. 2929.12. However, the Mathis Court made clear that a trial court is still required to consider only those factors in R.C. 2929.11 and R.C. 2929.12, given that Foster deemed the relevant portions of R.C. 2929.13 and R.C. 2929.14 unconstitutional and severed them. Thus, we only address whether the trial court properly considered R.C. 2929.11 and R.C. 2929.12 in sentencing Smith. *Page 1