OPINION *Page 2 
{¶ 1} Defendant-appellant, Timothy L. Fedele (hereinafter "Fedele"), appeals the judgment of the Van Wert Court of Common Pleas sentencing him to five years for a burglary offense, and twelve months for an attempted grand theft of a motor vehicle offense, which were to run concurrently. For the reasons that follow, we affirm.
 {¶ 2} On March 7, 2008, the Van Wert County Grand Jury indicted Fedele in Case No. CR-08-04-044 with one count of burglary in violation of R.C. 2911.12(A)(1), a felony of the first degree, and one count of attempted grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1) 
(B)(5) and R.C. 2923.02(A), a felony of the fourth degree. On August 1, 2008, Fedele was re-indicted in Case No. CR-08-08-123 with one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree, and one count of attempted grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1) (B)(5) and R.C. 2923.02(A), a felony of the fifth degree. The burglary count of the new indictment changed the language of the original indictment, and added the term "recklessly" and the phrase "that is the permanent or temporary habitation of any person."
 {¶ 3} On October 22, 2008, Fedele entered a guilty plea to an amended count one, which reduced the original second degree felony burglary offense to a *Page 3 
third degree burglary offense. In addition, Fedele also pled guilty to the attempted grand theft of a motor vehicle offense in count two. On December 10, 2008, the trial court sentenced Fedele to a basic prison term of five years for count one and twelve months for count two, which were ordered to run concurrently to each other, and concurrent to the sentences Fedele was then serving.
 {¶ 4} Fedele now appeals and raises two assignments of error.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED THE DEFENDANT TO THE MAXIMUM SENTENCE FOR BOTH COUNTS.
 {¶ 5} In his first assignment of error, Fedele does not dispute that the prison sentence imposed by the trial court is within the permissible statutory range. However, Fedele does argue that the trial court abused its discretion when it sentenced him because it did not consider the factors set forth in R.C. 2929.12(B) and (C), which relate to the seriousness of the offense, and the factors set forth in R.C. 2929.12(D) and (E), which relate to the likelihood of recidivism.
 {¶ 6} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the *Page 4 
sentence is contrary to law.[1] State v. Ramos, 3d Dist. No. 4-06-24,2007-Ohio-767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C)); State v. Rhodes, 12th Dist. No. CA2005-10-426,2006-Ohio-2401, ¶ 4; State v. Tyson, 3d Dist. Nos. 1-04-38, 1-04-39,2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus; State v. Boshko (2000), 139 Ohio App.3d 827, 835,745 N.E.2d 1111. An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is `"clearly in the better position to judge the defendant's likelihood of recidivism and to ascertain the effect of the crimes on the victims."'State v. Watkins, 3d Dist. No. 2-04-08, 2004-Ohio-4809, ¶ 16, quotingState v. Jones, (2001), 93 Ohio St.3d 391, 400, 754 N.E.2d 1252.
 {¶ 7} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, the Ohio Supreme Court declared unconstitutional those portions of the *Page 5 
felony sentencing statutes that required judicial fact-finding before the trial court could impose a prison sentence. 2006-Ohio-856, at ¶ 100. Subsequently, the Supreme Court excised those provisions that related to judicial fact-finding from the sentencing statutes, specifically including R.C. 2929.14(E)(4) and R.C. 2929.41(A). Id. at ¶ 97. As a result of the excision of those unconstitutional provisions, the Court ultimately held that, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 8} However, a trial court must still consider the overall purposes of sentencing as set forth in R.C. 2929.11, as well as the factors relating to the seriousness of the offense and recidivism of the offender under R.C. 2929.12, when sentencing an offender. State v.Smith, 3d Dist. No. 2-06-37, 2007-Ohio-3129, ¶ 26, citing State v.Mathis, Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38. But, under R.C. 2929.12, a sentencing court is not required to use specific language regarding its consideration of the seriousness and recidivism factors. Id., citing State v. Sharp, 10th Dist. No. 05AP-809,2006-Ohio-3448, ¶ 4, citing State v. Amett (2000), 88 Ohio St.3d 208, 205, 724 N.E.2d 793, State v. McAdams, 162 Ohio App.3d 318,2005-Ohio-3895, 833 N.E.2d 373, and State v. Patterson, 8th Dist. No. 84803, 2005-Ohio-2003. Further, there is no requirement in *Page 6 
R.C. 2929.12 that the trial court state on the record that it has considered the statutory criteria. Id., citing State v. Polick (1995),101 Ohio App.3d 428, 431, 655 N.E.2d 820; State v. Gant, 7th Dist. No. 04-MA-252,2006-Ohio-1469 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings); State v. Hughes, 6th Dist. No. WD-05-024, 2005-Ohio-6405.
 {¶ 9} Fedele argues that the trial court erred because it did not consider the factors set forth in R.C. 2929.12(B) and (C), which relate to the seriousness of the offense, and the factors set forth in R.C. 2929.12(D) and (E), which relate to the likelihood of recidivism. However, the State claims the trial court specifically stated in its judgment entry and at the sentencing hearing that it had considered the factors pertaining to the seriousness of the offense, the likelihood of recidivism, and the factors contained in R.C. 2929.13(B).
 {¶ 10} Here, the trial court stated on the record at the sentencing hearing:
 The Court notes for the record that it has fully considered the information contained in the presentence investigation report prepared by the Adult Parole Authority. That report was furnished to both Defense Counsel and the Office of the Prosecuting Attorney for their review prior to this hearing. The Court now marks that report as "Court's Exhibit #1" and enters it into evidence as part of the record in this case. The Court, after considering the information presented at the sentencing hearing and the record, and the factors contained in the commission of the offense and the likelihood of recidivism and the factors contained in Revised Code 2929.13(B). The Court now being fully informed of the circumstances surrounding the *Page 7 charge, and finding no cause which would preclude the pronouncement of sentence, The [sic] Court finds that the Defendant is not amenable to community control and that prison is consistent with the purposes and principles of sentencing set forth in 2929.11.
(Dec. 10, 2008 Tr. at 3-4). Moreover, in paragraph seven of its judgment entry of sentencing, the trial court specifically stated that it had "considered the information presented at the sentencing hearing, the record, the factors pertaining to the seriousness of the offense, the likelihood of recidivism, and the factors contained in R.C. 2929.13(B)." (Dec. 11, 2008 JE at 2).
 {¶ 11} Thus, although the trial court was not required to specifically state that it had considered each of the subsections of R.C. 2929.11, R.C. 2929.12, or R.C. 2929.13 pursuant to Foster and Smith, the record clearly indicates that the trial court did consider the requisite factors in R.C. 2929.12 before imposing Fedele's prison sentence. SeeState v. James, 3d Dist. No. 2-07-36, 2008-Ohio-3056, ¶ 38. Therefore, we cannot clearly and convincingly find that the record does not support Fedele's sentence or that the sentence was otherwise contrary to law.
 {¶ 12} Fedele's first assignment of error is, therefore, overruled.
 ASSIGNMENT OF ERROR NO. II THE TRIAL COURT ERRED WHEN IT SENTENCED DEFENDANT-APPELLANT TO MULTIPLE SENTENCES FOR ALLIED OFFENSES OF SIMILAR IMPORT PURSUANT TO R.C. § 2941.25(A). *Page 8 
 {¶ 13} In his second assignment of error, Fedele argues that the trial court erred when it sentenced him to multiple sentences for allied offenses of similar import pursuant to R.C. 2941.25(A). Fedele claims that the burglary and the attempted grand theft of a motor vehicle offenses occurred at the same time and were a continuous course of conduct, therefore, R.C. 2941.25(A) requires the merger of the two guilty pleas into a single judgment of conviction. Fedele also claims that because this merger of convictions must precede any sentence the trial court imposes, a defendant's agreement to the multiple sentences imposed on him by the trial court can not amount to a waiver of his right to the prior merger that R.C. 2941.25(A) requires.
 {¶ 14} The State responds by arguing that R.C. 2941.25(A) does not require the merger of the burglary charge and the attempted grand theft of a motor vehicle charge. The State claims that these two offenses are not allied offenses of similar import, and therefore, R.C. 2941.25(A) is inapplicable. In addition, the State claims that Fedele cannot even challenge his sentence since he entered into a plea agreement with the State to plead guilty to a lesser charge of burglary. The State argues that this agreement between Fedele and the State should be sufficient to withstand any later attack, even if the plea involved allied offenses of similar import. *Page 9 
 {¶ 15} This Court first notes that Fedele failed to argue at the trial court level that his sentences should have been merged. As a result, Fedele has waived the issue on appeal absent plain error. State v.Chamberlin, 3d Dist. No. 12-06-14, 2007-Ohio-1911, ¶ 8, citing State v.Long (1978), 53 Ohio St.2d 91, 97, 372 N.E.2d 804, Crim. R. 52(B). We recognize plain error "`with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'"State v. Landrum (1990), 53 Ohio St.3d 107, 110, 559 N.E.2d 710, quotingLong, 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. For plain error to apply, the trial court must have deviated from a legal rule, the error must have been an obvious defect in the proceeding, and the error must have affected a substantial right.State v. Barnes (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240. Under the plain error standard, the appellant must demonstrate that the outcome of his trial would clearly have been different but for the trial court's errors. State v. Waddell (1996), 75 Ohio St.3d 163, 166,661 N.E.2d 1043, citing State v. Moreland (1990), 50 Ohio St.3d 58, 552 N.E.2d 894.
 {¶ 16} We reject Fedele's argument that in this case the crimes of burglary and attempted grand theft of a motor vehicle are allied offenses of similar import. R.C. 2941.25, the allied offense statute, provides:
 (A) Where the same conduct by defendant can be construed two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one. *Page 10 
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
The Ohio Supreme Court has developed a two-step analysis to determine whether multiple crimes constitute offenses of similar import, and has recently applied its analysis to the offenses of kidnapping and aggravated robbery. State v. Winn, ___ Ohio St.3d ___, 2009-Ohio-1059, ___ N.E.2d ___, ¶¶ 10-25; State v. Brown, 119 Ohio St.3d 447,2008-Ohio-4569, 895 N.E.2d 149, ¶ 18; State v. Cabrales,118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶ 14; State v. Nicholas (1993),66 Ohio St.3d 431, 613 N.E.2d 225. The first step is to compare the elements of the offenses. "If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses and the court must proceed to the second step." Brown, 2008-Ohio-4569, at ¶ 19, citingState v. Blankenship (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816. Next, the court must review the defendant's conduct and determine whether multiple convictions were proper. "If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses."Brown, 2008-Ohio-4569, at ¶ 19, citing Blankenship,38 Ohio St.3d at 117. *Page 11 
 {¶ 17} As to the first step in its analysis, the Ohio Supreme Court has stated that the statutory elements should be compared in the abstract, and not compared as the offenses are charged in a particular indictment. State v. Ranee (1999), 85 Ohio St.3d 632, 637-38,710 N.E.2d 699. However, the Court has cautioned lower courts to not follow a strict textual comparison approach; rather, "if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import."Winn, 2009-Ohio-1059, at ¶¶ 11-12, quoting Cabrales, 2008-Ohio-1625, at ¶ 26. Thus, the elements do not have to be identical for the offenses to be allied. Id.
 {¶ 18} Here, Fedele pled guilty to one count of burglary and one count of attempted grand theft of a motor vehicle. Burglary is defined under R.C. 2911.12(A)(3), which states, in pertinent part: "[n]o person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense." Thus, an offender commits burglary if he/she: (1) by force, stealth, or deception, (2) trespasses, (3) in an occupied structure or separately secured portion of an occupied structure, (4) with the purpose to commit a *Page 12 
criminal offense. State v. Clark (1995), 107 Ohio App.3d 141, 148,667 N.E.2d 1262.
 {¶ 19} In comparison, grand theft of a motor vehicle is defined under R.C. 2913.02(A)(1) (B)(5), which states, in pertinent part: "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent * * * [i]f the property stolen is a motor vehicle, a violation of this section is grand theft of a motor vehicle." Thus, an offender commits grand theft of a motor vehicle if he/she: (1) knowingly obtains or exerts control over a motor vehicle, (2) with purpose to deprive the owner thereof, (3) without consent of the owner. Furthermore, as it relates to this particular case, attempt is defined under R.C. 2923.02(A), which states "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."
 {¶ 20} A comparison of the elements for the two crimes in the abstract clearly indicates that they do not correspond to such a degree that the commission of one offense will result in the commission of the other. See State v. Talley (1985), 18 Ohio St.3d 152, 155, 480 N.E.2d 439
(finding the similar offenses of breaking and entering, grand theft, and possession of criminal tools are not allied *Page 13 
offenses). For example, the crime of burglary necessarily involves the trespassing into an occupied structure, however, this element is not essential to the commission of grand theft of a motor vehicle which requires one to obtain or exert control over a motor vehicle. See id. The offenses are such that the commission of one will not necessarily result in the commission of the other. See id. at 156. Contrary to Fedele's arguments, the two offenses were not committed at the same time. The offense of burglary was complete at the time he entered into the structure, and the theft offense was not necessary for the burglary conviction because the purpose to commit any criminal offense was sufficient; moreover, the attempted theft offense was complete when he attempted to exert control over the motor vehicle. See id.
 {¶ 21} Because the offenses of burglary and attempted grand theft of a motor vehicle do not satisfy the first step in the allied offense analysis, there is no need to address whether the offenses were committed with a separate animus. See id. Therefore, we find that Fedele has failed to demonstrate that the trial court committed plain error by sentencing him to multiple sentences because the offenses were not allied offenses of similar import.
 {¶ 22} Fedele's second assignment of error is, therefore, overruled. *Page 14 
 {¶ 23} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed
 ROGERS, J., concurs.
[1] We note that the Supreme Court of Ohio recently released a plurality opinion in State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, which established a two-part test utilizing both the clear and convincing and abuse of discretion standard of review in reviewing felony sentencing decisions under R.C. 2953.08(G). While we cite to this Court's precedential clear and convincing standard of review, which was affirmed and adopted by three dissenting Justices in Kalish, we note that the outcome of our decision in this case would be identical under the Kalish plurality's two-part test as well.